PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CHARLES E. LAWTON, Defendant and Appellant; JUAN COMAS VERA, ETC., Intervener and Appellee.

No. 5189.  Argued January 23, 1934.—Decided February 9, 1934.

*F. Soto Gras* and *R. Díaz Collazo* for appellant.  *J. Valldejuli* for intervener-appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Section 5 of "An Act to provide for the appointment, duties and compensation of stenographers of the District Court," approved.March 10, 1904, (Comp. Stat., sec. 1281) provides that: ". . . . . . where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable by reason of his poverty to pay for . . . . . a copy of the stenographic record, the stenographer shall issue such copy free of charge." See also section 356 of the Code of Criminal Procedure as amended in 1925 (Session Laws, p. 108).

Lawton was convicted of a misdemeanor and, after filing a notice of appeal, obtained an order for a transcript of the evidence. Later the district judge, on motion of the stenographer, ordered the deposit of $550 to cover the stenographer's fees. Lawton then applied for relief under section 5, *supra*. The court after a hearing summarized Lawton's own testimony as follows:

"At present he is an insurance broker; has a wife and a daughter; he owns the house where he lives in a residential section in the ward of Santurce; there is a $2,000 mortgage on the house, which has been attached, and besides he owes back taxes for eighteen months; he values the house at from $10,000 to $12,000; he also owns stock of the Banco Comercial and of the Porto Rican American Insurance Co.; has a claim against the Banco Comercial for more than $8,000; is prosecuting several civil actions; keeps two servants at salaries from $8 to $12 monthly each; has paid to one of his attorneys in this criminal prosecution $150 on account of his fees; at the time the Banco Comercial went into receivership, accused was the bank's manager, and during the last five years that he occupied such position he earned from $10,000 to $15,000 per year; he has in his home a radio, a piano, an electric refrigerator, rugs and a library; lastly he keeps an insurance policy for $15,000."

The district court, after a passing reference to the testimony of the stenographer and to that of Lawton's attorney, pointed out that counsel for the defendant in *Berrios* v. *Garáu,* 44 P.R.R. 753, had invoked section 5, *supra,* imme-

diately after filing the notice of appeal, while in the instant case a long time had elapsed. This, without more, would hardly suffice to distinguish the case at bar from that of *Berríos* v. *Garáu.* Nor do we attach any importance to the fact that Lawton's attorney had told the stenographer to make the transcript and had left him under the impression that Lawton would pay for it. Lawton might have been perfectly willing to assume that obligation and reluctant to apply for relief as an indigent defendant while at the same time he may have been unable to make a cash deposit or to give any definite assurance as to when he would be able to pay the stenographer.

The district judge, however, could not discover in the evidence adduced at the hearing any satisfactory basis for a finding that Lawton was in fact indigent or unable to pay for the transcript. We cannot agree that there was nothing in the evidence upon which to base a finding that Lawton was unable to pay the stenographer's fees. Still his testimony, while it does establish a border case which might have sustained a different result, falls short of the clear and conclusive showing required for a reversal.

We quite agree with appellant that the amount of his income during a previous period, covering some years of service as the manager of a local bank, had little or no bearing upon the question of his ability to pay at the time of his motion. The outline of Lawton's testimony, *supra,* is also incomplete. It refers for instance to an attachment without mentioning the amount of the claim, namely $18,000. Lawton said that the attached property was worth $10,000 or $12,000, but he also said that it would be impossible to find a purchaser at that price. He testified that the Banco Comercial stock had no market value, and that the Porto Rican American Insurance Company stock had been pledged to the Bank of Nova Scotia and was involved in an action

pending against Lawton and another for the recovery of an amount greater than the market value of the stock. A receiver was resisting the claim for $8,000 against the Banco Comercial and there was nothing in the testimony of Lawton or of any other witness to indicate what would be the outcome of the litigation. Lawton further testified that he had not paid his attorneys anything for their services already rendered in the various pending civil actions. Nor was he paying premiums on the insurance policy which in accordance with its terms had become automatically self sustaining because of the time that had elapsed since the date of its issue. He also testified that for three months he had been unable to pay his office rent, that he had not one dollar of capital, that he employed no one in his little office, had no office telephone and had no business earnings, profits or returns out of which to pay the $550 demanded by the stenographer.

The weak point in this testimony is that it fails to show any reduction or effort at reduction in the scale of actual living expenses. The witness might have made a stronger impression if, for instance, he had explained why he could not rent his comfortably furnished home and reduce expenses by moving with his small family into cheaper quarters with one servant or none instead of two. It is not a question of what appellant should or should not have done. It is a question as to whether he was unable to pay within the meaning of the statute. If his inability to pay was due to his inability or unwillingness (however laudable from any other point of view) to adapt himself to changed conditions by the practice of rigid economy and the elimination of all unnecessary expense, then he was not, in the eye of the law, an indigent defendant. The stenographer is worthy of his hire and should not be required to furnish a transcript without compensation unless the appellant is clearly unable to pay. The burden is upon appellant, of course, to estab-

lish the fact of such inability, if it be a fact.. The motion was addressed to the sound discretion of the trial judge and we find no such abuse of that discretion as to justify a reversal.

The order appealed from must be affirmed.